

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 29 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EVARISTUS MACKEY | DOCKET NO. 05-CV-1423 |
| VERSUS | DISTRICT JUDGE DRELL |
| WARDEN TAPIA, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] by *pro se* plaintiff Evaristus Mackey. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at U.S. Penitentiary Hazelton in Bruceton Mills, West Virginia. He seeks an order requiring the BOP to expunge an incident report, restore all good time credits and privileges, and lower his custody status or classification.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

## STATEMENT OF THE CASE

The instant suit is one of many filed by the Plaintiff in the Western and Middle Districts of Louisiana, the Middle District of Pennsylvania, and the Southern District of Illinois over the past fifteen years. In the instant suit, Plaintiff claims that he was wrongfully punished for a disciplinary

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

violation that he did not commit. He also claims that his classification within the BOP should be lowered and that his good time credits and privileges should be restored.

According to the plaintiff, on November 9, 2003, a race riot broke out at U.S. Penitentiary Pollock (USP-P), where Plaintiff was incarcerated. Plaintiff was placed in a segregated housing unit pending an investigation. He received an incident report on February 5, 2004, stating that he had been observed fighting with three inmates during the riot. After a disciplinary hearing, Plaintiff was found guilty of fighting. However, after appeal and reconsideration, an amended disciplinary report was prepared finding Plaintiff not guilty of fighting, but guilty of rioting. While this amended report was being appealed by the Plaintiff, he was transferred to U.S. Penitentiary Lewisburg, where he also resided in a segregated housing unit. After several months, Plaintiff learned that because of his classification, he was going to be transferred to U.S. Penitentiary Marion, a high security facility in Marion, Illinois. [Doc. #14] He claims that being confined in segregated housing and being transferred to a high security prison violates his constitutional rights. Plaintiff asks that this Court order the BOP to reduce his classification, restore his good time credits, and expunge his incident report.

## **LAW AND ANALYSIS**

1. Disciplinary Report & Loss of Good Time

Plaintiff claims that the conviction for rioting should be removed from his prison record. Such a claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). According to Heck, an inmate may not attack a prison disciplinary conviction[2] in a civil rights action until he demonstrates that the

---

[2]A "conviction" for purposes of the Heck analysis includes a ruling in a prison disciplinary proceeding that results in a change in the prisoner's sentence, including loss of "good time" credits. Edwards v. Balisok, 520 U.S. 641 (1997), Stone-Bey v. Barnes, 120 F.3d

2

disciplinary charge has been invalidated, reversed, expunged, or otherwise declared invalid through a collateral proceeding or writ of habeas corpus. Id. Plaintiff's disciplinary charge of rioting had not been invalidated, reversed, expunged, or declared invalid; in fact, that is what he is asking this Court to do.

Plaintiff seeks to have the Court order the BOP to restore his good time credits. The sole remedy for such a request is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487 (1974).

2. Solitary Confinement

Plaintiff claims that being held in segregated housing violates his constitutional rights. The Fifth Circuit has repeatedly stated that placement in solitary confinement, by itself, is insufficient to implicate constitutional concerns. See, e.g., Pickens v. Minton, 109 Fed.Appx. 655 (5th Cir., August 18, 2004) (not selected for publication in the Federal Reporter) (placement in isolation for did not deprive inmate of constitutionally protected liberty interest because it was not an atypical or significant hardship in relation to the ordinary incidents of prison life); Lewis v. Cockrell, 54 Fed. Appx. 795 (5th Cir., December 11, 2002) (not selected for publication in the Federal Reporter) (15 days in solitary confinement as punishment for disciplinary case did not implicate a protected liberty interest so as to trigger the protections of Wolff); accord, Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (30 days of cell restrictions does not implicate due process concerns); Sandin, 115 S.Ct. at 2301 (placement in disciplinary segregation for 30 days did not implicate due process concerns); Lyles v. Dretke, 2007 U.S. Dist. LEXIS 1433, 5-6 (D. Tex. 2007). Plaintiff was placed in segregation after a race riot erupted at USP-P, and his segregation apparently continued at other

---

718 (7th Cir. 1997).

prisons to which he was transferred, due to Plaintiff's custody classification and disciplinary record. Because segregation was not an atypical or significant hardship in relation to the ordinary incidents of prison life, Plaintiff's claim has no merit.

3. <u>Custody Classification</u>

Likewise, Plaintiff has no due process claim arising out of his custody classification because a prison inmate does not have a protected liberty interest in his custodial classification. <u>See</u> <u>Pickens v. Minton</u>, 109 Fed. Appx. 655, 656 (5th Cir. 2004) <u>citing</u> <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).

For the foregoing reasons, Plaintiff's complaint is frivolous and fails to state a claim for which relief can be granted. Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 29th day of Aug, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5